*E. J. Pinney, W. H. Boyd* and *Henderson & Quail,* for defendants in error.

---

## WIDOW'S EXEMPTION.

[Circuit Court of Sandusky County.]

### B. F. BRETZ ET AL V. LOIA A. MOORE.*

Decided, May 20, 1902.

*Exemptions—Laws Relating Thereto Must be Liberally Construed— Section 5437 Construed—Widow Entitled to Dower and $500 in Lieu of Homestead, When.*

1. Exemption laws, in so far as may be necessary to effect the purpose of their enactment, should be construed equitably and liberally.
2. The provisions of Section 5437, relating to exemption to widow or unmarried minor child, are not limited to cases where the homestead is brought to a sale by the mortgagee, or by the administrator under legal process which compels a sale, but apply as well to a sale voluntariy made by the heirs and widow.
3. Where the widow and heirs, all of whom are *sui juris* and have full

---

*Affirmed by the Supreme Court without report, 69 Ohio State, 524.

knowledge of the situation, voluntarily agree among themselves to sell the homestead property, with the intention of paying off the mortgage thereon and delivering the balance to the administrator of the deceased husband and father for payment of any indebtedness against the estate, the widow not having waived her right thereto under the agreement, is entitled to receive in addition to her dower interest a sum not exceeding $500 from the fund in lieu of homestead under Section 5437, and her right thereto is not lost by reason of her abandonment of any claim to hold the premises as a homestead, or by reason of the fact that she had joined with the decedent in the execution of the mortgage; and the heirs are estopped from denying the purpose of the sale or the rights of the widow in the fund so created.

PARKER, J.; HULL, J., and HAYNES, J., concur.

This is a proceeding brought to obtain a reversal of the judgment of the court of common pleas.

We shall not undertake to state or follow all the ramifications of the various questions that have been suggested and argued, for we think that the real controlling question can be very sim-. ply stated and comes within a very narrow limit.

Loia A. Moore, a widow, was entitled to a homestead out of certain premises of which her husband died seized, under Section 5437, Revised Statutes, and it appears that these premises were mortgaged and that the mortgage was one which precluded the allowance of a homestead—that is to say, that no homestead could be allowed as against the claim of the mortgage, the husband and wife, afterwards the widow, having both signed the mortgage. The husband beside. leaving his widow, left certain children, who were all of age, and it fairly appears from the record that all the persons interested in this property as heirs— these children and the widow—foresaw that they would not be able to discharge this debt and lien except by the sale of the property, and therefore they agreed together that they would sell. the premises and pay all encumbrances; and thinking that the administrator of the estate of the deceased husband and father would be entitled to hold and handle the proceeds of such sale and therefrom discharge any indebtedness of the decedent, they agreed that they would turn over the residue remaining after the discharge of the mortgage debt to the administrator, and in pursuance of this agreement, they proceeded

to sell the premises and derived enough from the sale to pay off the mortgage and turn over seven or eight hundred dollars to the administrator, which they did. It turns out that probably the administrator could not have brought these premises to sale as administrator, because there were no claims against the estate which would have required it. At all events, even if he might have brought it to sale for the mortgage claim (and about that we express no opinion), he was not required to take or use any of these proceeds of the sale that were turned over to him, the mortgage claim being paid directly by the widow and heirs. But they paid over the residue to him and he holds it; and the Court of Common Pleas of Seneca County has held, and we think correctly, that he never received or held it as administrator, but, under the circumstances, he held it as trustee.

Now the widow has asserted her claim to a part of these proceeds as the value of her dower interest in this property, and that claim, I believe, is not contested. She has also asserted and here asserts her claim to the remainder of the proceeds in lieu of a homestead under Section 5437, Revised Statutes.

It is contended, however, upon behalf of the heirs, that having consented to this arrangement and sale of the premises, she thereby waived her claim to a homestead; that she thereby abandoned her homestead; and that, as a consequence, she also waived and abandoned all right to claim any of the proceeds in lieu of a homestead.

The contention by counsel for the heirs is, that it is only in cases where the property is brought to sale by the mortgagee or the administrator, or by some process of law which compels a sale of the premises, that this provision of Section 5437, Revised Statutes, relied on by defendant in error, applies, viz., "That in all cases where the homestead has been or shall be sold to pay any lien which precludes the allowance of a homestead, the residue of the proceeds, not exceeding $500, shall be paid to the widow, or in case there be no widow, to the minor child, unmarried, in lieu of a homestead, on her or said minor child's application, in person or by agent, attorney or guardian," and that this provision of the statute does not apply to a sale voluntarily made by the heirs and the widow. But we think

that a fair and reasonable construction of this statute author-
izes an application of these provisions to a case like that at bar;
that where the heirs and widow, foreseeing that a sale must be
made to satisfy a claim and lien which precludes the allowance
of a homestead, agree together that they can probably do better
by making a private sale of the premises, and that they will do
so, and that they will retain their rights in the proceeds rather
than undertake to hold on to the property and allow the prem-
ises to be brought to a forced sale, as between them, it would not
lie with either to dispute the equitable rights of the other arising
out of such proceeding; that in a case like this, the heirs being
of age, and having full knowledge of the situation, and having
agreed that the premises should be sold at private sale and hav-
ing participated in the sale, and agreed that the proceeds should
go into the hands of the administrator, and not having required
of the widow that she should waive her homestead right, or her
right to the proceeds in lieu of a homestead, and it not appear-
ing that she has waived it, but rather that she desired and still
desires to retain her right, it should be held that she has not
lost such right. Though she has abandoned all claim to hold the
premises as a homestead, she has not thereby necessarily aban-
doned her right under this clause of the statute to hold a part
of the proceeds in lieu of a homestead. We think the statute
should receive such fair, equitable and liberal construction; that
it is the policy of the law to construe these exemption statutes
liberally, so as to effect this purpose, and such sale should be
held to be within the purview of the statute. It was a sale to
pay a lien which precluded the allowance of a homestead. Un-
der the circumstances the heirs can not be heard to dispute
that fact.

The judgment of the court of common pleas being in accord-
ance with these views, will be affirmed.

*E. B. King* and *George H. Nithey,* for plaintiff in error.

*Richards & Heffner,* for defendant in error.